JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN VAGNONI

### DEFENDANTS
THE RESERVES NETWORK INC. D/B/A SUMMIT

**(b)** County of Residence of First Listed Plaintiff: MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA, PHRA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 09/15/2021

SIGNATURE OF ATTORNEY OF RECORD
Sidney L. Gold, Esquire
Digitally signed by Sidney L. Gold, Esquire
Date: 2021.09.15 16:23:15 -04'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __161 Knoll Drive, Collegeville, Pennsylvania 19426__

Address of Defendant: __240 W. Germantown Pike, East Norriton, PA 19401__

Place of Accident, Incident or Transaction: __240 W. Germantown Pike, East Norriton, PA 19401__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/15/2021__     __/s/ Sidney L. Gold, Esq.__     __21374__
                                   *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| A. *Federal Question Cases:* | B. *Diversity Jurisdiction Cases:* |
|---|---|
| ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. Insurance Contract and Other Contracts |
| ☐ 2. FELA | ☐ 2. Airplane Personal Injury |
| ☐ 3. Jones Act-Personal Injury | ☐ 3. Assault, Defamation |
| ☐ 4. Antitrust | ☐ 4. Marine Personal Injury |
| ☐ 5. Patent | ☐ 5. Motor Vehicle Personal Injury |
| ☐ 6. Labor-Management Relations | ☐ 6. Other Personal Injury *(Please specify)*: _____ |
| ☒ 7. Civil Rights | ☐ 7. Products Liability |
| ☐ 8. Habeas Corpus | ☐ 8. Products Liability – Asbestos |
| ☐ 9. Securities Act(s) Cases | ☐ 9. All other Diversity Cases *(Please specify)*: _____ |
| ☐ 10. Social Security Review Cases | |
| ☐ 11. All other Federal Question Cases *(Please specify)*: _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __SIDNEY L. GOLD, ESQUIRE__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: __09/15/2021__     __/s/ Sidney L. Gold, Esq.__     __21374__
                                   *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN VAGNONI | : | CIVIL ACTION |
| v. | : | |
| THE RESERVES NETWORK INC. D/B/A SUMMIT | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (☑)

| | | |
|---|---|---|
| 09/15/2021 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN VAGNONI, : CIVIL ACTION NO._____
      *Plaintiff,* :
:
v. :
:
THE RESERVES NETWORK INC. :
d/b/a SUMMIT :
      *Defendant.* :

## COMPLAINT AND JURY DEMAND

**I.    PRELIMINARY STATEMENT:**

    1.    This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, John Vagnoni ("Plaintiff Vagnoni"), a former employee of The Reserves Network Inc. d/b/a Summit ("Defendant"), who has been harmed by Defendant's discriminatory employment practices.

    2.    This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq. ("PHRA").

**II.    JURISDICTION AND VENUE:**

    3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Vagnoni's claims are substantively based on the ADEA.

    4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Vagnoni's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Vagnoni has satisfied all other jurisdictional prerequisites to the maintenance of this action. On June 28, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

III. **PARTIES**:

6. Plaintiff, John Vagnoni ("Plaintiff Vagnoni"), is a sixty-four (64) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 161 Knoll Drive, Collegeville, Pennsylvania 19426.

7. Defendant, The Reserves Network Inc. d/b/a Summit ("Defendant"), is a corporation maintaining a place of business at 240 W. Germantown Pike, East Norriton, PA 19401.

8. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, Defendant has been a "person" and "employer" as defined by the ADEA and PHRA, and has been, and is, subject to the provisions of each said Act.

IV. **STATEMENT OF FACTS**:

10. With more than thirty-five (35) years in Business Development and Talent Acquisition in the Engineering arena, Plaintiff Vagnoni, a sixty-one (64) year old individual, has assembled an outstanding track record in training and managing employees, promoting business development and promoting relationships with corporate clients.

11. Prior to commencing employment with the Defendant, from in or around February of 2013 until in or around January of 2015, Plaintiff Vagnoni served as the Director of Business Development for TechSource. In said role, Plaintiff Vagnoni was in charge of driving Engineering related business throughout the MidAtlantic and New England Region.

12. Preceding his employment with TechSource, from in or around September of 2011 until in or around December of 2012, Plaintiff Vagnoni served as the Vice President of Engineering Operations for ConsultNet. As Vice President of Engineering Operations, Plaintiff Vagnoni had full responsibility for overseeing ConsultNet's profit and loss account and was also charged with monitoring the daily activities of the sales and recruiting departments. During his first year in said role, Plaintiff Vagnoni grew ConsultNet's engineering group by approximately thirty-five (35%) percent.

13. Before assuming his role as Vice President of Engineering Operations for ConsultNet, from in or around September of 1980 until in or around July of 2011, Plaintiff Vagnoni served as the Vice President of Engineering Services for the MidAtlantic Region for Advantage Technical Resources ("Advantage"). Plaintiff Vagnoni was responsible for managing Advantage's daily operations and oversaw a staff of twenty-five (25) employees in five (5) different offices throughout the MidAtlantic Region. As a result of his excellent performance, on or about February 22, 2009, Advantage awarded Plaintiff Vagnoni with the Paul Gerbick Award for leading the outstanding team of the year.

14. Most recently, Plaintiff Vagnoni was employed by the Defendant from on or about February 15, 2015 until on or about June 28, 2018, the date of his unlawful termination.

15. At the time Plaintiff Vagnoni commenced his employment with Defendant, Plaintiff Vagnoni held the position of Director of Technical Sales, and at all times maintained an excellent job performance in said capacity.

16. In or around February of 2016, Neil Stallard ("Stallard"), Chief Operating Officer, became Plaintiff Vagnoni's immediate supervisor. At that time, Plaintiff Vagnoni managed Defendant's Region 5 offices in conjunction with Janet Incerto ("Incerto"), Director of Recruiting.

17. Under the direction of Plaintiff Vagnoni, Region 5 grew its Revenue and Gross Profit by approximately ten (10%) percent.

18. In or around April of 2017, Stallard met with Plaintiff Vagnoni to give Plaintiff Vagnoni his annual review. During said meeting, instead of reviewing Plaintiff Vagnoni's performance, Stallard discussed Region 5 sales and stated that Plaintiff Vagnoni would be promoted to Region 5 Director, which included a salary increase.

19. In or around January of 2018, Defendant held a staff meeting for the Region 5 offices to start off the new fiscal year. During said meeting, Stallard stated that Region 5 increased its annual revenue by approximately eight (8%) percent and that the group members should "give [themselves] a hand."

20. Curiously, on or about June 28, 2018, Stallard abruptly terminated Plaintiff Vagnoni's employment with Defendant for alleged "lack of profitability" in two (2) of Plaintiff Vagnoni's four (4) assigned offices.

21. By information and belief, Defendant has many offices within its five (5) regions that make low profits, no similarly situated, younger Regional Director has ever been terminated for "lack of profitability" in their respective regions.

22. Upon further information and belief, Defendant replaced Plaintiff Vagnoni as Director of the New England Region with a less-experienced and less-qualified thirty-six (36) year old female.

23. Remarkably, during the approximately two (2) years that Plaintiff Vagnoni was under Stallard's supervision, Defendant did not issue Plaintiff Vagnoni an annual performance review or issue any corrective action plan for Plaintiff Vagnoni.

24. Therefore, Plaintiff Vagnoni believes and avers that Defendant's articulated reason for termination is pretextual in nature and that his employment was actually terminated based on his age (64).

## COUNT I
### (ADEA - Age Discrimination)
### Plaintiff Vagnoni v. Defendant

25. Plaintiff Vagnoni incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth at length herein.

26. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Vagnoni to discrimination on the basis of her age and in knowing or showing reckless disregard for whether its conduct was prohibited by statute, constituted willful violations of the ADEA.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Vagnoni sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT II
## (PHRA - Age Discrimination)
## Plaintiff Vagnoni v. the Defendant

28. Plaintiff Vagnoni incorporates by reference paragraphs 1 through 27 of this Complaint as though fully set forth at length herein.

29. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Vagnoni to discrimination on the basis of his age, constituted violations of the PHRA.

30. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Vagnoni sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

31. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Vagnoni suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

32. Plaintiff Vagnoni incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Vagnoni requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a. Defendant compensate Plaintiff Vagnoni with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b. Defendant compensate Plaintiff Vagnoni with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Vagnoni punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Vagnoni pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Vagnoni demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By: /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED: September 15, 2021

# **VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: Aug 19, 2021

_John Vagnoni (Aug 19, 2021 12:05 EDT)_
JOHN VAGNONI, PLAINTIFF